UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
SEP 21 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-561-GWU

BILL ADAMS, JR.,                                                    PLAINTIFF,

VS:                     MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT,

## INTRODUCTION

Bill Adams brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Adams, a 51 year-old former coal miner with a 6th grade education, suffered from impairments related to hypertension, atypical chest pains with a history of supraventricular tachycardia, chronic obstructive pulmonary disease, borderline intelligence, a generalized anxiety disorder, and a history of coronary artery disease. (Tr. 1003, 1214). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 1008). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 1009). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 1007).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However,

5

the current record does not mandate an immediate award of SSI.[1] Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Adams argues that the ALJ erred in failing to find that he was disabled based upon application of Rule 202.09 of the Medical-Vocational Guidelines. This rule provides for a finding of disabled status for one closely approaching advanced age, who is illiterate or unable to communicate in English, and has a history of unskilled work. The ALJ relied upon Rule 202.10 which provides that one would be considered "not disabled" if closely approaching advanced age, with a "limited or less" education but at least literate and able to communicate in English and with a history of unskilled work. The claimant asserts that he should have been found to be disabled and the ALJ applied the wrong rule. The problem for the plaintiff concerns that fact that Rule 202.09 does not fit his work experience as denoted at the administrative hearing. Vocational Expert Joyce Forrest testified at the hearing held on February 16, 2005 that Adams' past coal mining work was classified as skilled and semi-skilled work. (Tr. 1227). Thus, Rule 202.09 would not be applicable to this case to mandate an immediate award of Social Security Benefits.

The undersigned does agree with Adams' argument that the ALJ should have found him to be illiterate. Achievement testing administered by Psychologists Phil Pack and Stuart Cook revealed that the plaintiff could only read at the second grade level. (Tr. 894). The Sixth Circuit Court of Appeals

---

[1] The plaintiff had also filed for DIB. However, the ALJ determined that his DIB-insured status had expired on December 31, 1998. (Tr. 1002). This was well before the November 2, 2001 date of the prior final denial decision. (Tr. 1002). Thus, this claim was found to be disposed of by the doctrine of res judicata. (Tr. 1002).

6

has found that a reading level below that of the third grade level constitutes illiteracy. Skinner v. Secretary of Health and Human Services, 902 F.2d 447, 450 (6th Cir. 1990). The defendant asserts that Adams' completion of the sixth grade and his ability to read the Bible contradict his claims of being illiterate. However, "a numerical grade is properly used to determine a claimant's educational abilities only if contradictory evidence does not exist." Skinner, 477 F.2d at 450. Cook and Pack's achievement testing contradicts the plaintiff's numerical grade in the present action. With regard to the Bible reading, the claimant noted on a Background Questionnaire Form that "I read what I can from the Bible." (Tr. 1131, emphasis added). Thus, Adams actually indicated a limited ability to read from the Bible. The plaintiff elaborated on this point at the February, 2005 hearing when the ALJ suggested that he read frequently from the Bible. (Tr. 1220). He stated that he read "what I can" and noted that this amounted to "just part words I can spell and make out." (Tr. 1220). This testimony is actually compatible with the testing results of Pack and Cook. Therefore, the claimant should have been found to be illiterate.

At the administrative hearing, the ALJ characterized Adams's educational level to the vocational expert as being 6th grade level, consistent with "marginal" education rather than illiteracy. (Tr. 1229). Therefore, the hypothetical question did not fairly depict the plaintiff's condition and a remand of the action for further consideration of this important point is required.

Dr. Takasha Stewart-Hubbard examined Adams and opined that he would be significantly restricted in his ability to sit and stand based upon his history and physical examination results. (Tr. 1140). These limitations were not included in the hypothetical question presented to Vocational Expert Joyce Forrest. (Tr. 1227). These restrictions were not specifically contradicted by another treating

7

or examining source during the time period relevant to this appeal. Such restrictions were not reported by Dr. Sudideb Mukherjee (Tr. 897-905), Dr. Jorge Baez-Garcia (Tr. 926-931), Dr. Calixto Hernandez (Tr. 1162-1171), and Dr. James Ramsey (Tr. 1194-1203), the non-examining medical reviewers. However, Doctors Mukherjee and Baez-Garcia had no opportunity to see and comment upon Dr. Stewart-Hubbard's opinion because their reviews occurred well before the July 7, 2004 date of Dr. Stewart-Hubbard's opinion. Neither Dr. Hernandez nor Dr. Ramsey addressed Dr. Stewart-Hubbard's opinion. Thus, the ALJ could not rely upon them to offset the examining source. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Therefore, upon remand, the ALJ will also need to address these restrictions.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __21__ day of September, 2006.

G. WIX UNTHANK
SENIOR JUDGE